■ LEO E. DALTON, Appellant, v. GILMAN PAPER COMPANY et al., Respondents. MARGARET W. MCPARLAND, as Administratrix of the Estate of PETER MCPARLAND, Deceased, Respondent, v. GILMAN PAPER COMPANY et al., Respondents.— Appeal from an order of the Supreme Court, ordering a joint trial of two actions, directing that the venue of the joint trial be Warren County, and leaving the questions of the right to open and close to determination by the trial court. The two actions grew out of a four-vehicle collision. There were involved a motor vehicle owned and operated by Leo Dalton, a motor vehicle owned by Larman Sherwood and operated by Jessie Sherwood, a tractor-trailer owned by Gilman Paper Company and another tractor-trailer owned by Julius Roethke and operated by Peter McParland, whose death is alleged to have resulted from the collision. Dalton commenced an action on May 6, 1955, in Saratoga County, against the owners of the two tractor-trailers. The administratrix of the estate of Peter McParland commenced an action on May 13, 1955, in Warren County, against the Gilman Paper Company, Dalton and the Sherwoods. The attorney for Dalton, as a defendant in the second action, moved for a joint trial asking that the venue be fixed by the court as either Saratoga County or Warren County. Dalton, as a plaintiff in the first action, was represented by a different attorney, who did not object to the joint trial but asked that Saratoga County be fixed as the place of trial and also asked the right to open and close, upon the ground that his action had been commenced first. It is questionable whether Dalton has any right to object to the order fixing Warren County as the place of trial in view of the fact that the attorneys representing him as a defendant had moved for a joint trial and had left it to the court to fix either Saratoga or Warren County as the place of trial. In any event, the determination by Special Term fixing Warren County as the place of trial was a proper exercise of its discretion. The fact that Dalton's action in Saratoga County was commenced first is not necessarily controlling. Leaving the question of the right to open and close for the trial court's determination was a proper disposition of that question. Order appealed from affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Gibson, J., taking no part.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEWIS WOLFE, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of Special Term, Supreme Court, Clinton County. Appellant was convicted of murder in the first degree in Kings County November 1, 1944. Thereafter he was committed to a hospital on the ground of insanity until February 9, 1950 when he was certified as no longer insane. On the confirmation of this certificate by the court on March 18, 1950 he was again brought before the court on the record of his conviction and the mandatory judgment of execution was entered March 20, 1950. Thereafter the Governor commuted this death sentence to life imprisonment. Appellant is properly held under the judgment sentencing him to death as thus commuted by the Governor; and nothing has been shown in the record to impair the force and effect of that judgment. The writ of habeas corpus was properly dismissed. Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See post, p. 686.]